SHELBY *v.* STATE.

(Division B. Oct. 12, 1936.)

[169 So. 844. No. 32380.]

A. S. Scott, of Laurel, for appellant.

.Webb M. Mize, Assistant Attorney General, for the state.

Argued orally by **A. S. Scott**, for appellant, and by **Webb M. Mize**, for the state.

**Anderson, J.**, delivered the opinion of the court.

Appellant was convicted in the circuit court of Jones county of the crime of perjury, and sentenced to the penitentiary for one year. From that judgment, he prosecutes this appeal.

It was charged, and the state undertook to show, that the alleged perjury was committed in the county court of Jones in the case of State v. Henry Murray, in which appellant testified. Murray was tried and convicted of the unlawful sale of intoxicating liquor. Two of the principal witnesses in the case were Mahalia Jefferson and appellant. Mahalia Jefferson testified for the state that she procured appellant to take her to the home of Murray in his car; that he did so; that she bought a gallon of whisky from Murray and paid for it in appellant's presence; that appellant took her back to her home in his car, and for his services in furnishing the car to make the trip she gave him a pint of whisky. She stated that the transaction took place on "Friday before the second Sunday in April," 1936, not on or about that

date. She was not asked whether that day was the 10th or the 11th of April; in fact, it was the 10th of April, as the court judicially knows. Evidently the county attorney proceeded on the idea that it was the 11th.

Appellant testified on behalf of the defendant and was asked whether or not he was present on the 11th day of April when Mahalia Jefferson claimed to have bought whisky from Murray. He denied that he was present on that date. He was not asked whether he was present at such a purchase on any other day. There was no evidence in that case tending to show that the sale was made on any other day than "Friday before the second Sunday in April"—the 10th.

On appellant's trial in this case he testified that he neither witnessed the sale by Murray to Mahalia Jefferson on the 10th or the 11th of April, or at any other time; in other words, that he knew nothing of such a sale. The question, however, is not whether the appellant committed perjury on his own trial, but whether he committed it on the trial of Murray. As we view the record, there is no conflict in the evidence as to appellant's innocence. To convict Murray in the county court the state relied on a sale made on Friday before the second Sunday in April, which was the 10th of the month. Appellant, as a witness, was not asked about that date; his testimony was confined alone to the 11th of April. The fact that his testimony in the present case may show that he would have committed perjury in the county court if he had been given an opportunity was not sufficient to put this case to the jury. The point is, he was not given such an opportunity.

Reversed, and judgment for appellant.